## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*, | Case No. 18-19121-RBR |
| Debtors. [1] | (Jointly Administered) |

### DEBTORS' MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT EXECUTED BY AND AMONG THE DEBTORS AND TRAVIS PORTFOLIO, LLC, OLIPHANT FINANCIAL, LLC, AND COLLINS ASSET GROUP, LLC

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") move (this "**Motion**"), pursuant to sections 105(a) and 1107(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9019-1(A) of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "**Local Rules**"), for an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the *Settlement Agreement* (the "**Settlement Agreement**"), a copy of which is attached hereto as **Exhibit B**, with Travis Portfolio, LLC ("**Travis**"), Oliphant Financial, LLC, and Collins Asset Group, LLC (collectively, the "**Travis Parties**"). In support of this Motion, the Debtors state:

### JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.     The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1]     The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, d/b/a 1 GC Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, d/b/a 1 West Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (1711). On February 19, 2019, the Debtors registered the fictitious names "1GC Collections" and "1 West Collections" with the Florida Department of State.

2.      Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rule 9019(a), and Local Rule 9019-1(A).

## STATUS OF THE CASE

4.      On July 27, 2018 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**").

5.      The Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No request has been made for the appointment of a trustee or examiner pursuant to section 1104 of the Bankruptcy Code.

7.      On September 7, 2018, the Office of the United States Trustee appointed an official committee of unsecured creditors [ECF No. 138] (the "**Committee**").

8.      On July 26, 2019, the Bankruptcy Court entered an order [ECF No. 818], approving, among other things, the (a) *First Amended Disclosure Statement with Respect to the Joint Plan of Liquidation of 1 Global Capital LLC and 1 West Capital LLC Under Chapter 11 of the Bankruptcy Code Proposed Jointly by the Debtors and the Official Committee of Unsecured Creditors* [ECF No. 806] (the "**Disclosure Statement**") as providing adequate information within the meaning of section 1125(a) of the Bankruptcy Code; and (b) procedures for solicitation of votes to accept or reject the plan of liquidation [ECF No. 805] (the "**Plan**") and the

tabulation of such votes.  The Debtors have since commenced the solicitation process to solicit votes on, and pursue confirmation of, the Plan.

9.    A detailed factual background of the Debtors' businesses and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, are set forth in the Debtors' *Chapter 11 Case Management Summary* [ECF No. 8].

<u>**DISPUTE WITH THE TRAVIS PARTIES**</u>

10.    Prior to the commencement of the Chapter 11 Cases, Travis and Debtor 1 Global Capital LLC ("**1GC**") entered into nineteen (19) Merchant Cash Advance Agreements on various dates and in various amounts (collectively, the "**Merchant Agreements**"), whereby 1GC advanced to Travis an aggregate amount of $62,514,229.  As of August 13, 2019, Travis remitted to 1GC an aggregate amount of $13,607,248 on account of the Merchant Agreements.

11.    Following the commencement of the Chapter 11 Cases, each of the Travis Parties filed proofs of claim, asserting secured and unsecured claims against the Debtors in an aggregate amount exceeding $150 million (the "**Travis, Collins and Oliphant Proofs of Claim**").

12.    On March 22, 2019, the Debtors filed the *Adversary Complaint for Damages, Declaratory Judgment, and Disallowance/Subordination of Proofs of Claim* against the Travis Parties, commencing case number 19-01072-RBR (the "**Adversary Proceeding**").  The Debtors asserted that the Travis Parties breached the Merchant Agreements by failing to make all payments when due and refusing to provide documentation as required by the Merchant Agreements.  As a result, the Debtors pursued, among other things, foreclosure of certain security interests and recovery of damages, together with interest, costs, and other relief.

13.    On July 9, 2019, the Debtors filed the *Motion to Dismiss Travis Portfolio, LLC's, Oliphant, LLC's, and Collins Asset Group, LLC's Proofs of Claim* [Case No. 19-01072-RBR,

ECF No. 31] (the "**Motion to Dismiss**"), seeking dismissal of the Travis, Collins and Oliphant Proofs of Claim.

14.     On August 13, 2019, Judge Erik P. Kimball conducted a successful settlement conference among the Travis Parties, the Debtors, and the Committee.  The parties then entered into the Settlement Agreement, subject to Bankruptcy Court approval, that resolved the Adversary Proceeding and the Travis, Collins and Oliphant Proofs of Claim.

### SUMMARY OF THE SETTLEMENT AGREEMENT [2]

15.     The Settlement Agreement provides that each party to the Settlement Agreement agrees to compromise and settle their claims against each other.  The material terms of the Settlement Agreement are summarized as follows:

   a.     The Travis Parties shall cause the sum of $27,500,000.00 in cash (the "Cash Settlement Payment") to be paid to the Debtors by no later than October 15, 2019, or in the event that the Bankruptcy Court has not entered an Order approving the Settlement Agreement by October 15, 2019, then within seven (7) calendar days of entry of a Bankruptcy Court Order approving the Settlement Agreement.  Each of the Travis Parties are joint and severally liable for the Cash Settlement Payment.  Travis shall continue to make payments to the Debtors in the ordinary course of business as the Travis Parties have been so doing in the course of the Chapter 11 Cases pursuant to the Merchant Agreements until the Cash Settlement Payment is paid to the Debtors, and any such ordinary course payments made on or after August 14, 2019 shall be credited against the Cash Settlement Payment.

   b.     Upon the filing of this Motion, the Travis Parties, and any and all of their directors, members, managers, officers, owners and shareholders, irrevocably waive and release, without the execution of any further document, any and all claims, including but not limited to those claims against the Debtors as stated in the Travis, Collins and Oliphant Proofs of Claim, whether secured, unsecured or administrative, and whether asserted or unasserted, known or unknown, against the Debtors, the Debtors' bankruptcy estates and the Liquidating Trust (as defined in the Disclosure Statement).

---

[2]    This summary is not a complete statement of all settlement terms contained in the Settlement Agreement.  In the event of any discrepancy between the terms summarized in this Motion and the terms set forth in the Settlement Agreement, the Settlement Agreement controls.

  c. Upon the Debtors' receipt of the Cash Settlement Payment, the bankruptcy estates, Debtors, Liquidating Trust and their successors release, without the execution of any further document, any and all claims including, but not limited to all Merchant Cash Advance agreements entered into between the parties as referenced in the Adversary Proceeding, whether asserted or unasserted, known or unknown, against the Travis Parties, and any and all of their owners, directors, officers, members, managers, shareholders, employees, including but not limited to each "Travis Party", as that term is defined in Exhibit C to the Disclosure Statement.

  d. Within seven (7) calendar days of the receipt of the Cash Settlement Payment, the parties will jointly move for dismissal of the Adversary Proceeding.

16. The Debtors believe that the Settlement Agreement is fair and equitable and in the best interests of their estates, and it will result in $27,500,000.00 in cash being paid by the Travis Parties to the Debtors, while avoiding the costs and risks of litigating or otherwise resolving the parties' disputes. The Settlement Agreement will also result in the dismissal of the Travis, Collins and Oliphant Proofs of Claim, thereby saving the estates potentially large claims.

## RELIEF REQUESTED

17. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the Settlement Agreement.

## BASIS FOR RELIEF REQUESTED

18. Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Section 1107(a) of the Bankruptcy Code grants a debtor-in-possession the rights and powers afforded to a trustee serving in a chapter 11 case. *See* 11 U.S.C. § 1107(a). Furthermore, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a).

19.    When considering whether to approve a compromise or settlement under Rule 9019, a bankruptcy court must determine if the proposed compromise or settlement is fair, equitable, reasonable and in the best interests of the debtor's estate.  *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Se. Banking Corp.*, 314 B.R. 250, 272 (Bankr. S.D. Fla. 2004) (holding a bankruptcy court considers whether a settlement is "fair and equitable").  A bankruptcy court is not required to decide the merits of claims, but is to assess the probability of succeeding on those claims.  *See In re Vazquez*, 325 B.R. 30, 35 (Bankr. S.D. Fla. 2005).

20.    Approval of a settlement or compromise in a bankruptcy proceeding is within the sound discretion of a bankruptcy court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion.  *See In re Chira*, 367 B.R. 888, 896 n.10 (S.D. Fla. 2007) (citing *In re Air Safety Intern., L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005)); *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).  The test is whether the proposed settlement "fall[s] below the lowest point in the range of reasonableness."  *Martin v. Pahiakos (In re Martin)*, 490 F.3d 1272, 1274-75 (11th Cir. 2007); *In re Arrow Air, Inc.*, 85 B.R. at 891.

21.    The Eleventh Circuit established four factors to be considered as additional guidance when determining whether a settlement or compromise should be approved:

(i)    The probability of success in litigation;

(ii)   The difficulties, if any, to be encountered in the matter of collection;

(iii)  The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

(iv)   The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallace v. Justice Oaks II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F.2d 1544, 1459 (11th Cir. 1990).

6

22.     The *Justice Oaks* factors weigh in favor of the Court's authorization and approval of the Settlement Agreement.  Considering the interests of creditors, the relative probabilities of success, the complex nature and the inherent and uncertain risks of litigation, and the cost, expense, inconvenience, and delay associated with the same, execution of the Settlement Agreement is prudent, reasonable, fair and equitable, and reflects the sound and reasonable business judgment of the Debtor.

23.     The Debtors believe that the Settlement Agreement will resolve the Adversary Proceeding and related disputes and claims of the Debtors and the Travis Parties in an efficient and consensual manner that will avoid costly and lengthy litigation that would reduce the value of the estates and the recovery of creditors.  Each party believes that it possesses meritorious claims and defenses.  Although the Debtors are confident in the merits of their positions, there can be no guarantee that the Debtors ultimately would be successful in litigation.  The Settlement Agreement takes into account the probabilities of success with respect to the complex issues raised in the Adversary Proceeding.

24.     Pursuing litigation is inherently complicated, and the expense, inconvenience, and delay associated with litigating the claims at issue weigh heavily in favor of settlement.   In addition, the Settlement Agreement is in the best interests of creditors because it ensures a meaningful recovery from the Travis Parties.

25.     The agreed-upon terms of the Settlement Agreement are the product of arm's-length negotiations between the Debtors and the Travis Parties.  Therefore, the Debtors submit that the terms of the Settlement Agreement are fair and reasonable and entry of the proposed order will be in the best interests of the Debtors' estates and creditors.

26.     In light of the foregoing, the Debtors submit that the Settlement Agreement is fair and equitable, reasonable, and in the best interests of the Debtors' estates and creditors. Accordingly, the Debtors respectfully request the Bankruptcy Court approve the Settlement Agreement.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Bankruptcy Court enter an order substantially in the form attached hereto as **Exhibit A**, (i) granting the Motion, (ii) authorizing and approving the Settlement Agreement; and (iii) granting such other and further relief as may be just and proper.

Dated:  August 20, 2019                              GREENBERG TRAURIG, LLP

*/s/ John R. Dodd*
Paul J. Keenan Jr.
Fla. Bar No. 0594687
keenanp@gtlaw.com

John R. Dodd
Fla. Bar No. 38091
doddj@gtlaw.com

333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Tel: 305-579-0500
Fax: (305) 579-0717

*Counsel for the Debtors*
*and Debtors-in-Possession*

## **EXHIBIT A**

Proposed Order

(Attached)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, *et al.*, | Case No. 18-19121-RBR |
| Debtors. [1] | (Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION FOR APPROVAL**
**OF SETTLEMENT AGREEMENT EXECUTED BY AND AMONG**
**THE DEBTORS AND TRAVIS PORTFOLIO, LLC, OLIPHANT**
**FINANCIAL, LLC, AND COLLINS ASSET GROUP, LLC**

THIS MATTER came before the Bankruptcy Court for hearing on _____ at

_____ upon the *Debtors' Motion for Approval of Settlement Agreement Executed By and*

---

[1] The Debtors in these Chapter 11 Cases, along with the business addresses and the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 1 Global Capital LLC, d/b/a 1 GC Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (9517); and 1 West Capital LLC, d/b/a 1 West Collections, 1250 E. Hallandale Beach Blvd., Suite 605, Hallandale Beach, FL 33009 (1711). On February 19, 2019, the Debtors registered the fictitious names "1GC Collections" and "1 West Collections" with the Florida Department of State.

*Among the Debtors and Travis Portfolio, LLC, Oliphant Financial, LLC, and Collins Asset Group, LLC* [ECF No. [_____] (the "**Motion**")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**").  By the Motion, the Debtors seek an order, pursuant to sections 105(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rule 9019, and Local Rule 9019-1(A), authorizing and approving the Settlement Agreement.

The Bankruptcy Court, having reviewed the Motion and the Settlement Agreement, finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Bankruptcy Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion was appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Bankruptcy Court, including the legal and factual bases set forth in the Motion, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

**ORDERED** as follows:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are **AUTHORIZED** to execute and enter into the Settlement Agreement, and the Settlement Agreement is **APPROVED** in its entirety.

3.      The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

---

[2]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to it in the Motion.

4.  This Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

#       #       #

Submitted by:

John R. Dodd, Esq.
Fla. Bar. No. 38091
doddj@gtlaw.com
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500

*Counsel for the Debtors
and Debtors-in-Possession*

(*Epiq Corporate Restructuring, LLC is directed to serve copies of this Order upon all interested parties and to file a Certificate of Service with the Bankruptcy Court.*)

## **EXHIBIT B**

<u>Settlement Agreement</u>

(Attached)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| 1 GLOBAL CAPITAL LLC, et al., | Case No. 18-19121-RBR |
| Debtors. | (Jointly Administered) |
| 1 GLOBAL CAPITAL LLC d/b/a 1 GC COLLECTIONS; and 1 WEST CAPITAL LLC d/b/a 1 WEST COLLECTIONS, | Adv. Proc. No. 19-01072-RBR |
| Plaintiffs, | |
| v. | |
| TRAVIS PORTFOLIO, LLC; OLIPHANT FINANCIAL, LLC; and COLLINS ASSET GROUP, LLC, | |
| Defendants. | |

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Agreement") is made and entered into on August 20, 2019, by and among TRAVIS PORTFOLIO, LLC, a Delaware limited liability company ("Travis"), OLIPHANT FINANCIAL, LLC, a Florida limited liability company ("Oliphant"), and COLLINS ASSET GROUP, LLC, a Delaware limited liability company ("Collins", and collectively with Travis and Oliphant, the "Defendants", and each, a "Defendant"); and 1 GLOBAL CAPITAL LLC, a Florida limited liability company ("1 Global") and 1 WEST CAPITAL LLC, a Florida limited liability company ("1 West", and together with 1 Global, the "Debtors", and each, a "Debtor"). The Defendants and Debtors shall also be referred to herein collectively as the "Parties", and individually as a "Party".

## RECITALS

**WHEREAS,** between September 28, 2017 and July 17, 2018, Travis and 1 Global entered into nineteen (19) Merchant Cash Advance Agreements on various dates and in various amounts (collectively, the "Merchant Agreements"), whereby 1 Global advanced to Travis an aggregate amount of $62,514,229;

1

**WHEREAS,** as of August 13, 2019, Travis has remitted to 1 Global an aggregate amount of $13,607,248 on account of the Merchant Agreements;

**WHEREAS,** on July 27, 2018, each of 1 Global and 1 West filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing case number 18-19121-RBR (Jointly Administered) (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

**WHEREAS,** on March 22, 2019, the Debtors filed their *Adversary Complaint for Damages, Declaratory Judgment, and Disallowance/Subordination of Proofs of Claim* against each of the Defendants, commencing case number 19-01072-RBR (the "Adversary Proceeding");

**WHEREAS,** on July 9, 2019, the Debtors filed their *Motion to Dismiss Travis Portfolio, LLC's, Oliphant Financial, LLC's and Collins Asset Group, LLC's Proofs of Claim* [Adv. Proc. D.E. 31] (the "Motion to Dismiss");

**WHEREAS,** the Defendants filed various proofs of claims against the Debtors delineating prepetition claims therein; and

**WHEREAS,** each Party to this Agreement desires to compromise and settle their claims against each other, on the terms set forth herein.

**NOW, THEREFORE,** in consideration of the premises and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, it is hereby agreed by and among the Parties as follows:

1. **Cash Settlement Payment by Defendants.** The Defendants shall cause the sum of $27,500,000.00 in cash (the "Cash Settlement Payment") to be paid to the Debtors by no later than October 15, 2019, or in the event that the Bankruptcy Court has not entered an Order approving this Agreement by October 15, 2019, then within seven (7) calendar days of entry of a Bankruptcy Court Order approving this Agreement. Each of the Defendants are joint and severally liable for the Cash Settlement Payment. Travis shall continue to make payments to the Debtors in the ordinary course of business as the Defendants have been so doing in the course of the Bankruptcy Case pursuant to the Merchant Agreements until the Cash Settlement Payment is paid to the Debtors, and any such ordinary course payments made on or after August 14, 2019 shall be credited against the Cash Settlement Payment. The failure of the Defendants to timely pay the Cash Settlement Payment in its entirety, net of credits as provided in the previous sentence, shall be an event of default under this Agreement, and the Debtors and Liquidating Trust shall have the right to enforce this Agreement in the event of such default or to exercise any other available remedy at law or in equity arising under this Agreement.

2. **Waiver and Release of Claims by Defendants Effective as of the Filing of the 9019 Motion.** Effective upon the filing of the 9019 Motion (as defined below), the Defendants, and any and all of their directors, members, managers, officers, owners and shareholders (the "Defendant Parties"), irrevocably waive and release, without the execution of any further document, any and all claims, including but not limited to those claims against the Debtors as stated in the Proof of Claims noted in this Section 2 of this Agreement, whether secured,

unsecured or administrative, and whether asserted or unasserted, known or unknown, against the Debtors, the Debtors' bankruptcy estates and the Liquidating Trust (as defined in the Disclosure Statement).  Pursuant to such waiver and release, within three (3) business days of the filing of the 9019 Motion, the Defendants shall file a notice of withdrawal of all of the Proofs of Claim filed by the Defendants in the Bankruptcy Case, including but not limited to the Proofs of Claim numbered as 10785, 10786, 10791, 10793, 10795, 10798, 10782, and 10830.  If the Defendants or any of the other Defendant Parties have filed a Proof of Claim not listed in this paragraph, then such Proof of Claim shall be deemed disallowed upon the filing of the 9019 Motion.  This waiver and release of claims, including the withdrawal of the Proofs of Claim, shall remain effective and irrevocable should the Defendants default on the payment of the Cash Settlement Payment.  Notwithstanding any language to the contrary within this Agreement, if the Bankruptcy Court fails to approve this Agreement or any subsequent agreement of the Parties relating to the settlement of all claims of the Parties against each other of any nature or kind, then the aforementioned numbered Proof of Claims shall not be considered withdrawn and shall be reinstated and remain of record in the bankruptcy proceeding herein until further adjudication by the Bankruptcy Court.

3. **Release of Claims against the Defendants and Dismissal of the Adversary Proceeding**.  Effective upon the Debtors' receipt of the Cash Settlement Payment, the bankruptcy estates, Debtors, Liquidating Trust and their successors release, without the execution of any further document, any and all claims including, but not limited to all Merchant Cash Advance agreements entered into between the Parties as referenced in the aforestated Adversary Proceeding, whether asserted or unasserted, known or unknown, against the Defendants, and any and all of their owners, directors, officers, members, managers, shareholders, employees, including but not limited to each "Travis Party", as that term is defined in Exhibit C to the *First Amended Disclosure Statement with Respect to Joint Plan of Liquidation of 1 Global Capital LLC and 1 West Capital LLC Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* filed in the Bankruptcy Case on July 22, 2019 [D.E. 806] (the "Disclosure Statement") incorporated herein by reference; provided, however, that the foregoing release shall not include Dale Ledbetter.  The Parties shall jointly request that the Bankruptcy Court stay all action in the Adversary Proceeding pending receipt of the Cash Settlement Payment pursuant to the terms of this Agreement.  Within seven (7) calendar days of the receipt of the Cash Settlement Payment, the Parties will jointly move for dismissal of the Adversary Proceeding. Upon dismissal of the adversary proceeding, Defendants are hereby granted a limited power of attorney from the Debtors to release any UCC lien filed of record on assets of the Defendants for the benefit of the Debtors.

4. **Motion to Dismiss**.  The hearing on the Motion to Dismiss shall be continued until a date after August 26, 2019, and then shall be cancelled once the waiver and release of claims by the Defendants set forth above in paragraph 2 becomes effective.

5. **Bankruptcy Court Approval.**  This Agreement and the terms set forth herein are subject to approval by the Bankruptcy Court.  On or before August 20, 2019, but after execution of this Agreement by all of the Parties, the Debtors shall file with the Bankruptcy Court a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure requesting that the Bankruptcy Court approve this Agreement (the "9019 Motion").

6.    **Representations and Warranties.**  Each Party hereby represents and warrants to the other Parties that:

(a)    It has the full right, corporate power and authority to enter into this Agreement, to grant the waivers and releases contained herein and to perform its obligations hereunder (subject to approval of the Bankruptcy Court in the case of the Debtors);

(b)    the execution of this Agreement by the individual whose signature is set forth at the end of this Agreement on behalf of such Party, and the delivery of this Agreement by such Party, have been duly authorized by all necessary corporate action on the part of such Party; and

(c)    this Agreement has been executed and delivered by such Party and (assuming due authorization, execution and delivery by the other Party hereto) constitutes the legal, valid and binding obligation of such Party, enforceable against such Party in accordance with its terms.

7.    **Miscellaneous.**

(a)    All notices, requests, demands, claims and other communications hereunder shall be in writing in English and shall be (i) transmitted by hand delivery, or (ii) mailed by first class, registered or certified mail, postage prepaid, or (iii) transmitted by overnight courier, or (iv) by an attachment to electronic mail, and in each case, at the address set forth below:

Debtors:

Paul J. Keenan Jr., Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida  33131
E-mail:  keenanp@gtlaw.com

Defendants:

Steven Fender, Esq.
101 NE 3rd Avenue, Suite 1500
Ft. Lauderdale, Florida  33301
E-mail:  steven.fender@fender-law.com

(b)    This Agreement and all matters arising out of or relating to this Agreement are governed by, and construed in accordance with, the laws of the State of Florida, without regard to the conflict of laws provisions of such State that would cause the laws of another State to be applied.

(c)    The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Agreement; provided, however, if the Bankruptcy Court does not exercise jurisdiction, then any legal suit, action or proceeding arising out of or relating to this Agreement must be instituted in the federal courts of the United States of America or the courts of the State of Florida, in each case located in or for the City of Ft. Lauderdale and County of Broward, and

4

each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.

(d)    This Agreement, and each of the terms and provisions hereof, may only be amended, modified, waived or supplemented by an agreement in writing signed by each Party.

(e)    This Agreement may be executed in counterparts, each of which is deemed an original, but all of which constitutes one and the same agreement. Delivery of an executed counterpart of this Agreement electronically or in PDF format shall be effective as delivery of an original executed counterpart of this Agreement.

(f)    Upon the entry of an Order by the Bankruptcy Court approving this Agreement, this Agreement constitutes the sole and entire agreement of the Parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings, agreements, representations and warranties, both written and oral, with respect to such subject matter, including but not limited to the Terms of Settlement (August 13, 2019) executed by the Parties.

(g)    The Recitals aforestated are incorporated herein by reference.

*[Signature pages to follow.]*

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date first written above.

**TRAVIS PORTFOLIO, LLC**                                   **1 GLOBAL CAPITAL LLC**

_____                                   _____
By:                                                                              By: Joseph J Lozinski
Its:                                                                             Its: Deputy Chief Restructuring Officer

**OLIPHANT FINANCIAL, LLC**                                **1 WEST CAPITAL LLC**

_____                                   _____
By:                                                                              By: Joseph J Lozinski
Its:                                                                             Its: Deputy Chief Restructuring Officer

**COLLINS ASSET GROUP, LLC**

_____
By:
Its:

6

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date first written above.

**TRAVIS PORTFOLIO, LLC**

By: *CHARLES E. WATKINS*
Its: *AUTHORIZED SIGNATORY*

**1 GLOBAL CAPITAL LLC**

By: _____
Its: _____

**OLIPHANT FINANCIAL, LLC**

By: _____
Its: _____

**1 WEST CAPITAL LLC**

By: _____
Its: _____

**COLLINS ASSET GROUP, LLC**

By: *MICHAEL F. CROSSAN*
Its: *COO*

6

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date first written above.

**TRAVIS PORTFOLIO, LLC**                          **1 GLOBAL CAPITAL LLC**

_____                          _____
By:                                              By:
Its:                                             Its:

**OLIPHANT FINANCIAL, LLC**                       **1 WEST CAPITAL LLC**

_____                          _____
By:   ROBERT A. MORRIS                                          By:
Its:   PRESIDENT                                       Its:

**COLLINS ASSET GROUP, LLC**

_____
By:
Its:

6